JAMES M. STEWART, Plaintiff-Appellant, *v.* D & R WELDING SUPPLY CO. *et al.*, Defendants-Appellees.

Fourth District   No. 14201

Opinion filed August 15, 1977.

Vernon H. Houchen, of Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellant.

Michael J. Kehart, of Welsh, Kehart & Shafter, of Decatur, for appellee Kerry Trimby.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns a suit by a softball umpire against a player for injuries incurred between innings of a game when a 3 lb. bat ring flew off a bat with which the player was taking practice swings and hit the umpire. The suit was brought in the Circuit Court of Macon County by plaintiff James M. Stewart, the umpire, against defendants Kerry Trimby, the player, and D & R Welding Supply Co., his team's sponsor. The third amended complaint charged the defendants with wilful and wanton

misconduct. Upon motion of the defendants, that complaint was dismissed for failure to state a cause of action. Plaintiff appeals as to the defendant Trimby.

The complaint described the bat ring as an object slipped over the handle of a bat and down onto the barrel of the bat to give added weight to the bat while it was used for warm-up swings. If the diameter of the inside hole of the ring had been less than the diameter of the thickest part of the barrel of the bat, the ring could not have flown off the barrel end of the bat. At the time of the occurrence, Trimby was alleged to be in the proper place to be taking warm-up swings preparatory to becoming the first batter when play resumed. The plaintiff was stated to be standing behind the plate with his back toward Trimby. Among the charges of the third amended complaint was one that Trimby, with a reckless disregard for plaintiff's safety,

> "* * * failed to properly set the bat ring on his softball bat, and proceeded to his act of swinging with said softball bat with the aforesaid bat ring improperly applied, although he knew or should have known that said bat ring was of an improper size for the softball bat then being used by him."

The parties do not dispute that the duty of care owed by a player to an umpire during the course of a game is the same as that owed to another player. (See Annot., 10 A.L.R.3d 446 (1966); 65A C.J.S. *Negligence* §174(6) (1966).) Defendant Trimby maintains, however, that the trial court's decision was correct because (a) the precedent of *Nabozny v. Barnhill* (1975), 31 Ill. App. 3d 212, 334 N.E.2d 258, denies recovery by one player from another for unintentional injuries incurred during the course of a game unless the injuries arose from the violation of a safety rule of the game, (b) the dismissed complaint was insufficient to allege wilful and wanton misconduct by Trimby, and (c) the complaint fails to allege plaintiff's freedom from wilful and wanton misconduct.

*Nabozny* involved a soccer match between two high-school-age amateur teams. Plaintiff was the goalkeeper for one team; defendant was a forward for the other team. Plaintiff was down on one knee after receiving a pass from a team member when he was kicked in the head by defendant. All of the occurrence witnesses agreed that plaintiff was in the penalty area at all times during the play in question and that defendant had time to avoid contact with him. Plaintiff testified that he had possession of the ball when he was hit; all of the other occurrence witnesses testified that they thought plaintiff had possession of the ball. F.I.F.A. rules, under which the match was being played, prohibit all other players from making contact with the goalkeeper when he is in possession of the ball within the penalty area. The goalkeeper is the only player

allowed to touch a ball in play in the penalty area. The only contact permitted by the soccer rules is shoulder-to-shoulder contact.

The *Nabozny* complaint charged mere negligence. At the conclusion of the evidence, the trial court directed a verdict for the defendant. On appeal, the court reversed, ruling that the evidence presented a jury question. The appellate court noted the dearth of precedent as to the liability of one player for injury to another and recognized that the "law should not place unreasonable burdens on the free and vigorous participation in sports by our youth" (31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 260) but concluded that some restraints were required. The court then stated:

> "For these reasons, this court believes that when athletes are engaged in an athletic competition; all teams involved are trained and coached by knowledgeable personnel; a recognized set of rules governs the conduct of the competition; and a safety rule is contained therein which is primarily designed to protect players from serious injury, a player is then charged with a legal duty to every other player on the field to refrain from conduct proscribed by a safety rule. A reckless disregard for the safety of other players cannot be excused. To engage in such conduct is to create an intolerable and unreasonable risk of serious injury to other participants. We have carefully drawn the rule announced herein in order to control a new field of personal injury litigation. * * *
>
> It is our opinion that a player is liable for injury in a tort action if his conduct is such that it is either deliberate, wilful or with a reckless disregard for the safety of the other player so as to cause injury to that player, the same being a question of fact to be decided by a jury." 31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 260-61.

*Nabozny* apparently permitted recovery only because the conduct of the defendant constituted a violation of a safety rule. That court noted that Restatement (Second) of Torts §50, Comment (b) (1965) referred to some of the rules of games being designed as safety measures. That comment states:

> "*Taking part in a game.* Taking part in a game manifests a willingness to submit to such bodily contacts or restrictions of liberty as are permitted by its rules or usages. Participating in such a game does not manifest consent to contacts which are prohibited by rules or usages of the game if such rules or usages are designed to protect the participants and not merely to secure the better playing of the game as a test of skill. This is true although the player knows that those with or against whom he is playing are habitual violators of such rules."

Section 50, Comment (b), was apparently the source of the theory upon which *Nabozny* was decided. That section, however, concerns the apparent consent given by one person to the intentional invasion of his personality by another. The comment is appropriate to the relationship between opposing players in a game such as soccer where some bodily contact is permitted and some is not. The safety rules of the game define the limits of the consent given. In the instant case no question of express or implied consent was involved. Plaintiff did not consent to being hit by the bat ring under any circumstances and regardless of whether a safety rule of the game prohibited defendant Trimby's alleged conduct. In this situation the liability of one participant to another is not limited to acts which are violations of safety rules.

*Nabozny* is apparently the only Illinois case discussing tort actions between participants. Trimby does not directly dispute that in the absence of the ruling in *Nabozny* being applied to this case, plaintiff could recover if Trimby was guilty of wilful and wanton misconduct. Rather, Trimby cites cases from other jurisdictions where recovery was sought on a negligence theory and the court denied recovery as a matter of law either on the basis that the cited conduct was not negligence (*Bendetto v. Travelers Insurance Co.* (La. 1956), 172 So. 2d 354) or that the conduct was not negligence and the injured person had assumed the risk (*Gaspard v. Grain Dealers Mutual Insurance Co.* (La. App. 1961), 131 So. 2d 831; *McGee v. Board of Education* (1962), 16 App. Div. 2d 99, 226 N.Y.S. 2d 329; *Mann v. Nutrilite, Inc.* (1955), 136 Cal. App. 2d 729, 289 P.2d 282). In *Barrett v. Fritz* (1969), 42 Ill. 2d 529, 248 N.E.2d 111, the supreme court indicated that a case like the instant one is better analyzed upon the basis of the duty owed by the plaintiff to the defendant rather than upon the basis of whether the plaintiff assumed the risk. Regardless of the method of analysis, no case has been called to our attention which has ruled that a participant has no duty not to wilfully and wantonly injure another participant or that one participant assumes the risk of wilful and wanton injury by another.

Most of the cases have indicated that recovery would be permitted if the defendant's conduct was wilful and wanton. The *Nabozny* opinion stated at one point that liability occurred if a player injured another with "a reckless disregard" for his safety. The opinions in *McGee v. Board of Education* and *Mann v. Nutrilite, Inc.*, indicate that recovery would have been allowed if the actor's conduct was wilful and wanton.

IPI Civil No. 14.01 defines wilful and wanton misconduct as follows:
> "When I use the expression 'wilful and wanton conduct' I mean a course of action which * * * shows an utter indifference to or conscious disregard for * * * the safety of others."

A series of cases from *Schneiderman v. Interstate Transit Lines, Inc.*

(1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300, through *Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518, has defined that type of conduct as that "exhibiting a reckless disregard for the safety of others." The opinions in each of the cases cited by defendant have shown a recognition by the court that some injuries are inevitable in athletic contests and a reluctance by the court to expose the participants to liability because of fear that to do so would endanger the continuation of the contests. The opinion in *Nutrilite* stated that a participant should be accorded a "certain margin of error" (136 Cal. App. 2d 729, 734, 289 P. 2d 282, 285) and the opinion in *McGee* stated that conduct occurring "in the excitement of * * * play" should be considered leniently (16 App. Div. 2d 99, 103, 226 N.Y.S. 2d 329, 332).

■■ The *Nutrilite* opinion also stated that the duty owed between participants is the same regardless of whether they are engaged in a game or warm-up. Nevertheless, the total situation must be examined to determine whether the actor is blameless, negligent or wilful and wanton. Here, the complaint alleges that the swinging of the bat took place between innings, a time when the "excitement of play" would be temporarily lulled. That the ring would fly off the bat if the ring was too large for the bat was obvious. That the safety of others would be endangered if the ring flew off was equally obvious. If the allegations of the complaint were proved, the jury could believe that the mistake of judgment of defendant went beyond the "margin of error" extended an athletic participant and constituted a reckless disregard for the safety of those in the position of plaintiff. The complaint properly alleged wilful and wanton misconduct.

■■ Although plaintiff failed to allege his freedom from contributory wilful and wanton misconduct, he did allege that he was free from contributory negligence. In *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 35, 330 N.E.2d 509, 511, the supreme court stated that under modern theory "wilful and wanton conduct" was "a characterization that shades imperceptibly into simple negligence." Plaintiff's allegation assumed a stronger burden than was required but negated any type of conduct upon plaintiff's part that would prevent recovery other than conduct whereby he intentionally inflicted injury upon himself. The complaint as a whole negates plaintiff's intentional imposition of the injury. The absence of an allegation of plaintiff's freedom from contributory wilful and wanton misconduct was raised for the first time on appeal. The complaint could easily have been amended if this question had been raised in the trial court. Although we are permitted to search the record to find grounds for affirmance, we do not deem this point to require affirmance.

We share with the courts whose opinions have been cited concern with

permitting recovery from sports participants for unintentional injury to other participants. Special problems exist in sports permitting considerable body contact. We do not think that one opinion can define a rule applicable to all situations. However, we deem that the amended complaint in this case was sufficient to state a cause of action against defendant Trimby.

The judgment appealed is reversed and the case remanded to the Circuit Court of Macon County.

Reversed and remanded.

CRAVEN, P. J., and MILLS, J., concur.