JOHN OSWALD, a Minor, by Johann Oswald, his Father and Next Friend, Plaintiff-Appellant, *v.* TOWNSHIP HIGH SCHOOL DISTRICT NO. 214 *et al.*, Defendants.—(MICHAEL HANNON, Defendant-Appellee.)

First District (5th Division)   No. 79-401

Opinion filed May 30, 1980.

Lucy and Suhar, of Chicago (Richard H. Lucy and Gerald M. Chapman, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini, James W. Ozog, and Margaret J. Orbon, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order dismissing count III of his third amended complaint (the complaint). Sounding in negligence, this count was directed against Michael Hannon (defendant). Counts I and II, which charged Township High School District No. 214 and defendant with wilful and wanton misconduct, are not involved in this appeal.

The complaint generally alleges that plaintiff was injured when kicked while playing basketball in a required high school gym class. In count III, it is alleged that at the time of the occurrence, the National Federation of State High School Association rules governing the protection and safety of participants in basketball games were in effect; that defendant knew or should have known of these rules; that defendant owed a duty to play the game in accordance with those rules and to exercise care to avoid causing injury to other participants; that defendant violated, failed to comply with, or failed to conduct himself in a manner consistent with the rules and that, as a proximate result thereof, plaintiff was injured.

The motion to dismiss count III was granted for failure to state a cause of action, and this appeal followed.

OPINION

The sole issue presented on appeal is whether a cause of action was stated in count III. In this regard, we note that in the consideration of the motion to dismiss the pleading, the allegations of fact in the complaint are taken as true (*Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied sub. nom. Hinckley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849) and that, in determining the propriety of such a dismissal, we are concerned only with the questions of law presented by the pleadings (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538).

In the instant case, the question of law presented by the parties is whether liability for injuries sustained as a result of the breach of a safety rule in a physical education class basketball game may be predicated upon ordinary negligence, as plaintiff argues, or whether wilful and wanton misconduct must be shown to permit recovery, as defendant maintains.

In support of their respective positions, both parties rely upon *Nabozny v. Barnhill* (1975), 31 Ill. App. 3d 212, 334 N.E.2d 258, and *Stewart v. D. & R. Welding Supply Co.* (1977), 51 Ill. App. 3d 597, 366 N.E.2d 1107. In *Nabozny,* plaintiff was a goalkeeper for a high-school-age amateur soccer team, and defendant was a forward on the opposing team. The game was played under rules which prohibit all players from making contact with the goalkeeper while he is in possession of the ball in the penalty area, and provides that shoulder-to-shoulder contact is the only permissible contact between players going for a ball. During the game, the ball was passed to plaintiff who had possession of it in the penalty area when defendant, who had been going for the ball, continued to run toward plaintiff and his foot came in contact with plaintiff's head.

The *Nabozny* complaint was predicated on ordinary negligence and, at the close of the plaintiff's case, a verdict was directed for defendant and this ruling was reversed on appeal. The reviewing court, after noting that the "law should not place unreasonable burdens on the free and vigorous participation in sports by our youth" and that "some of the restraints of civilization must accompany every athlete onto the playing field" (31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 260), concluded that:

> "For these reasons, this court believes that when athletes are engaged in an athletic competition; all teams involved are trained and coached by knowledgeable personnel; a recognized set of rules governs the conduct of the competition; and a safety rule is contained therein which is primarily designed to protect players from a serious injury, a player is then charged with a legal duty to every other player on the field to refrain from conduct proscribed by a safety rule. *A reckless disregard for the safety of other players cannot be excused.* To engage in such conduct is to create an intolerable and unreasonable risk of serious injury to other participants. * * *
>
> It is our opinion that *a player is liable for injury in a tort action if his conduct is such that it is either deliberate, wilful or with a reckless disregard for the safety of the other player,* * * *."
> (Emphasis added.) (31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 260-61.)

From the emphasized language, defendant takes the position that the predicate of legal liability established in *Nabozny* was willfulness or reckless disregard of safety. However, because the complaint in *Nabozny* charged only ordinary negligence, plaintiff argues that "although the language from the opinion sounds in intentional tort, the opinion, viewed in the light of the pleadings on which it was predicated [negligence rather than wilful and wanton misconduct] must be interpreted as holding that a rule designed to protect the participants can be employed as indicating

the standard of ordinary care, and its breach as being evidence of negligence."

Plaintiff contends that this view is supported by *Stewart v. D. & R. Welding Supply Co.* (1977), 51 Ill. App. 3d 597, in which a baseball umpire sued for injuries received when he was struck by a bat ring which flew from the bat of a player who was taking practice swings. The complaint, which charged only wilful and wanton misconduct, was dismissed as not stating a cause of action. There was no violation of a safety rule involved, as there was in *Nabozny*, and it was argued by defendant on appeal that (1) plaintiff had no cause of action because *Nabozny* denies recovery for unintentional injuries during a game unless they arose from the violations of a safety rule; and (2) that the complaint was nevertheless insufficient to allege wilful and wanton misconduct.

The court, in finding that a safety rule violation was not the sole basis for recovery, said:

"The safety rules of the game define the limits of the consent given. In the instant case no question of express or implied consent was involved. Plaintiff did not consent to being hit by the bat ring under any circumstances and regardless of whether a safety rule of the game prohibited defendant Trimby's [player] alleged conduct. In this situation the liability of one participant to another is not limited to acts which are violations of safety rules." 51 Ill. App. 3d 597, 600, 366 N.E.2d 1107, 1109.

The question as to whether plaintiff had an action based upon ordinary negligence was not considered in *Stewart*, but in finding that wilful and wanton misconduct was sufficiently alleged in the complaint, the *Stewart* court referred to a statement in *Mann v. Nutrilite, Inc.* (1955), 136 Cal. App. 2d 729, 734, 289 P.2d 282, 285, that a participant should be accorded " 'a certain margin of error' " (51 Ill. App. 3d 597, 601), and then the *Stewart* court stated:

"Here, the complaint alleges that the swinging of the bat took place between innings, a time when the 'excitement of play' would be temporarily lulled. That the ring would fly off the bat if the ring was too large for the bat was obvious. That the safety of others would be endangered if the ring flew off was equally obvious. If the allegations of the complaint were proved, the jury could believe that the mistake of judgment of defendant went beyond the 'margin of error' extended an athletic participant and constituted a reckless disregard for the safety of those in the position of plaintiff. The complaint properly alleged wilful and wanton misconduct." 51 Ill. App. 3d 597, 601, 366 N.E.2d 1107, 1110.

While *Nabozny* held that a recognized safety rule placed a duty on

all players in a soccer game to refrain from conduct proscribed by the rule (31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 260-61), we find nothing in that case supportive of plaintiff's contention that the proof of ordinary negligence will sustain an action for injury to a player where the violation of a safety rule is involved in the injury; rather, we see *Nabozny* as establishing the standard of conduct to be willfulness or a reckless disregard of safety where an injury to a player occurs in an athletic competition involving bodily contact. This appears clear from the court's statement that: "[A] player is liable * * * if his conduct is such that it is either deliberate, wilful, or with a reckless disregard for the safety of the other player, * * *." (31 Ill. App. 3d 212, 215, 334 N.E.2d 258, 261.) This view is supported by the statement of the court in *Stewart* that "[m]ost of the cases [involving tort actions between participants in games] have indicated that recovery would be permitted if the defendant's conduct was wilful and wanton. The *Nabozny* opinion stated at one point that liability occurred if a player injured another with 'a reckless disregard' for his safety." 51 Ill. App. 3d 597, 600, 366 N.E.2d 1107, 1110; see also *Hackbart v. Cincinnati Bengals, Inc.* (D. Colo. 1977), 435 F. Supp. 352, *rev'd on other grounds* (10th Cir. 1979), 601 F.2d 516, *cert. denied* (1979), 444 U.S. 931, 62 L. Ed. 2d 188, 100 S. Ct. 275.

We find no merit in the suggestion of plaintiff that those cases which hold that golfers owe a duty of ordinary care to other golfers are controlling. He refers us to *Page v. Unterreiner* (Mo. App. 1937), 106 S.W.2d 528, and *Everett v. Goodwin* (1931), 201 N.C. 734, 161 S.E. 316. We note, however, that participants in bodily contact games such as basketball assume greater risks than do golfers and others involved in nonphysical contact sports. Because rule infractions, deliberate or unintentional, are virtually inevitable in contact games, we believe the imposition of a different standard of conduct is justified where injury results from such contact.

Count III of plaintiff's complaint was grounded on ordinary negligence and, in the light of the foregoing, the dismissal of count III is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.