HARCO NATIONAL INSURANCE CO., & Southern County Mutual Insurance Co., Appellant,

v.

Jose VILLANUEVA, Appellee.

No. 05–87–01266–CV.

Court of Appeals of Texas, Dallas.

Dec. 13, 1988.

Rehearing Denied March 13, 1989.

---

Mark M. Donheiser, Dallas, for appellant.

Boyd Waggoner and J. Allen Cox, Dallas, for appellee.

Before DEVANY, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Appellant, Harco National Insurance Company and Southern County Mutual Insurance Company (collectively Harco), appeals an adverse judgment in a suit brought by Jose Villanueva, appellee, based on a bad faith first party insurance claim. In four points of error, appellant alleges that the jury's answers to jury questions two and five are against the great weight and preponderance of the evidence. Appellant further argues that there is no evidence to support the jury's findings as to these jury questions. Appellant originally urged and briefed a fifth point of error but this point was expressly withdrawn by counsel at oral argument in this case. Because we find no error, we affirm.

The following facts are not disputed. Jose Villanueva was the owner of a truck insured by Harco National Insurance against theft. Villanueva reported to appellant that his truck was stolen from its customary parking location on February 27, 1984. Harco hired an independent private investigator to investigate the validity of this claim. This investigator reported to Harco that on March 3, 1984 he saw a man he believed to be Villanueva sitting with four other men inside a vehicle similar to the stolen truck in Dallas. Based on this investigator's report, Harco denied Villanueva's claim, alleging that he had taken part in setting up the theft of his own truck. At trial, the jury found that Harco had breached its duty of good faith and fair dealing to Villaneuva and, further, that Harco's denial of this claim was gross negligence.

Harco claims in its first and second points of error that the answer to jury question two, that Harco breached its duty of good faith and fair dealing, is against the great weight and preponderance of the evidence and that there is no evidence to support the answer.

In reviewing appellant's "great weight and preponderance" factual sufficiency points, this Court will consider all of the evidence in the record that is relevant to the fact being challenged. However, this Court is not a fact finder; and we do not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Appellant also raises a legal sufficiency point when he argues that there is "no evidence" to support this jury finding. Using the well established rule in reviewing appellant's "no evidence" claim, we must consider only the evidence and reasonable inferences drawn therefrom, which, when viewed in their most favorable light, support the jury findings, disregarding all evidence and inferences to the contrary of the fact finding. If we find that there is more than a *scintilla* of evidence to support the finding, the "no evidence" challenge fails. *See Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987).

Countering Harco's challenge, Villanueva directs us to the case of *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987) which holds that there is a duty on the part of the insurer to deal fairly and in good faith with their insured, and a cause of action exists for the breach of this duty when there is no reasonable basis for denial of a claim, or delay in payment, or a failure on the part of the insurer to determine whether there is, in fact, any reasonable basis for the denial or delay. *Arnold*, 725 S.W.2d at 167.

■ Being mindful of the applicable law, we look at the facts before the jury. Harco denied this claim solely on the basis of "evidence" uncovered by their unlicensed private investigator. This investigator claimed that about three days after the theft, he saw a "tall, slim Mexican male with a mustache" inside a truck similar to that stolen from Villanueva. Villanueva is a short, stocky, Hispanic male, and has never worn a mustache. When Villanueva furnished Harco with a sworn statement that he was in all likelihood in Houston visiting with his accountant about his income tax return on the day he was allegedly seen in the stolen truck, Harco did not ask Villanueva for any corroborating evidence or otherwise take any investigative action to check the validity of his whereabouts. Villanueva has no criminal record whatsoever, had never submitted an insurance claim before, had completely paid off a previous truck, was not late on any installment payment on this vehicle, and appeared to be in good financial condition. We conclude there is sufficient evidence for a reasonable trier of fact to determine that Harco's reliance upon the report of the unlicensed investigator did not constitute a reasonable basis for denial of this claim. Accordingly, appellant's points of error numbers one and two are overruled.

■ In its third and fourth points of error, appellant alleges both factual and legal insufficiency with regard to the jury's finding in jury question five that Harco acted with gross negligence. The Texas Supreme Court has adopted the following definition of gross negligence:

> Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it.

*Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 920 (Tex.1981). The court's charge to the jury in this case tracked this definition word for word. The jury affirmatively found gross negligence on the part of Har-co and assessed exemplary damages against it.

A jury finding of gross negligence is analyzed under the same test as any other fact issue. As plaintiff in the trial court, Villanueva had the initial burden to prove Harco's gross negligence to the jury. To succeed on appeal, Harco must establish that there is no evidence to support this finding. *Burk,* 616 S.W.2d at 920–21. The Texas Supreme Court in *Burk* explains this analysis:

> [t]he existence of gross negligence need not rest upon a single, [*sic*] act or omission, but may result from a combination of negligent acts or omissions, and many circumstances and elements may be considered in determining whether an act constitutes gross negligence. A mental state may be inferred from actions. All actions or circumstances indicating a state of mind amounting to a conscious indifference must be examined in deciding if there is some evidence of gross negligence.

*Burk,* 616 S.W.2d at 922. Considering all of the circumstances and the acts of Harco in a light most favorable to the verdict, we conclude the facts which are set out in detail previously herein are sufficient to support the jury's finding that Harco was grossly negligent in relying solely on the unsupported and uncorroborated report provided by their investigator, particularly when, in this case, a minimum of further inquiry by Harco would have brought contrary evidence to their attention. We hold the jury finding of gross negligence on the part of Harco supported by the evidence. Appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.