**Alan B. CONNELL, Jr., Appellant,**

v.

**Robert B. PAYNE, Jr. et al., Appellees.**

**No. 05–90–00840–CV.**

Court of Appeals of Texas, Dallas.

July 26, 1991.

Rehearing Overruled Sept. 9, 1991.

Jackson D. Wilson, II and Richard L. Crozier, of Page & Addison, P.C., Dallas, for appellee Willow Bend Polo and Hunt Club.

Lori B. Bellows and John P. Greenan, of Hopkins & Sutter, Dallas, for appellee Robert B. Payne, Jr.

Before BAKER, LAGARDE and MALONEY, JJ.

## OPINION

BAKER, Justice.

This is a case of first impression in Texas. Alan B. Connell, Jr. suffered injuries when Robert B. Payne, Jr. swung a polo mallet and struck him in the eye during a match at Willow Bend Polo and Hunt Club. The jury's verdict was favorable to Payne and Willow Bend. The trial court entered a take-nothing judgment against Connell. Connell contends the trial court erred because it refused to submit jury questions on ordinary negligence and gross negligence. He also contends the jury's answers to the submitted questions are against the great weight and preponderance of the evidence. We affirm the trial court's judgment.

## THE GAME

All parties agree polo is a dangerous game. The risk of injury is high. It is common for injuries to occur even while players diligently follow the rules. To promote the safety of horse and rider, the game of polo stipulates certain "right-of-way" rules. One rule gives the right-of-way to the player closest to the parallel "line of the ball." A player who tries to take the ball away from an opponent having the line of the ball may not approach the opponent's horse at any angle greater than forty-five degrees. If two players are along the line of the ball, one player may "ride the opponent off the line." That is, the player may ride toward the opponent. The opponent must move away from the line of the ball to avoid a collision. The opponent loses the right of possession.

Bill Boyd, of Boyd, Veigel & Hance, P.C., McKinney, for appellant.

Connell and Payne were on opposite teams in the match. During a play, both Connell and Payne rode to intercept the ball. Each tried to make a shot to benefit his team. Almost simultaneously, each swung his mallet at the ball. Connell's mallet struck the ball. Payne's mallet struck Connell in the eye. Connell lost the sight in that eye.

## PROCEDURAL HISTORY

Connell sued Payne and Willow Bend for his injuries. He alleged Payne intentionally or recklessly caused his injury. He also alleged Payne was negligent and his conduct was gross negligence. He asserted Payne had a reputation for reckless play. He alleged Willow Bend knew of Payne's reputation and was negligent in allowing Payne to play. He also alleged Payne's and Willow Bend's negligence proximately caused his damages.

The parties tried the case to a jury. The trial court submitted a jury question that asked whether Payne intentionally or recklessly caused Connell's injury. The court also submitted jury questions that asked whether Willow Bend or Connell was negligent. The jury answered each of these questions "no." Based on these answers, the trial court entered a take-nothing judgment against Connell.

Connell asserts three points of error. In points one and two, he contends the trial court erred in failing to submit jury questions on whether Payne was negligent and whether Payne's conduct was gross negligence. Connell argues the trial court erred by applying an intentional or reckless standard.

## THE LEGAL DUTY

No Texas court has decided the issue of the legal duty owed by one participant to another participant in a competitive contact sport. Connell argues the proper standard is negligence. He contends a recklessness standard holds him to an unreasonably high burden of proof. Connell contends if a participant in a competitive contact sport violates a safety rule, the injured party should have to prove only ordinary negligence. We disagree.

By participating in a dangerous contact sport such as polo, a person assumes a risk of injury. The risk involved in competing in contact sports is the basis for the historical reluctance of courts to allow players to recover damages for injuries received while participating in a competitive contact sport unless one participant deliberately injures another. *See Kuehner v. Green,* 436 So.2d 78, 81 (Fla.1983) (Boyd, J., concurring).

Assumption of risk was once an affirmative defense in Texas tort cases. It completely barred recovery. The Texas Supreme Court has abolished the defense in ordinary negligence actions. The factfinder in a negligence action now determines the reasonableness of an actor's conduct in confronting a risk under comparative responsibility principles. TEX.CIV.PRAC. & REM.CODE ANN. § 33.001–.016 (Vernon 1986 and Supp.1991); *Farley v. M M Cattle Co.,* 529 S.W.2d 751, 758 (Tex.1975). The court in *Farley* reasoned the Legislature, by adopting comparative negligence, showed an intention to apportion negligence rather than completely bar recovery. The *Farley* court concluded assumption of risk was incompatible with the rationale behind the comparative negligence scheme because the defense operated as a complete bar. *Farley,* 529 S.W.2d at 758. The *Farley* court retained assumption of risk as a defense in strict liability and express consent cases. *Gensco, Inc. v. Canco Equip., Inc.,* 737 S.W.2d 345, 348 (Tex.App.—Amarillo 1987, no writ). It reasoned the rationale for abolishing the defense in negligence actions did not apply in strict liability and express consent cases. *Farley,* 529 S.W.2d at 758.

The Ohio Supreme Court recently considered a similar issue. *See Marchetti v. Kalish,* 53 Ohio St.3d 95, 559 N.E.2d 699 (1990). That court reasoned a mere showing of negligence is not enough to allow recovery in sport or recreational activity. We agree. We join the authorities cited in *Marchetti.* A participant in a competitive contact sport expressly consents to and assumes the risk of the dangerous activity by

voluntarily participating in the sport. We hold that for a plaintiff to prevail in a cause of action for injuries sustained while participating in a competitive contact sport, the plaintiff must prove the defendant acted "recklessly" or "intentionally" as the Restatement of Torts defines those terms. RESTATEMENT (SECOND) OF TORTS §§ 8A, 500 (1965). We overrule Connell's points of error one and two.

## GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE

 In his third point of error, Connell contends the trial court erred in overruling his motion for new trial. He argues the jury's answers to questions one and two are contrary to the overwhelming weight and preponderance of the evidence. When a party claims a jury finding is against the great weight and preponderance of the evidence, we must review all the evidence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633–34 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985).

Connell had the burden to secure an affirmative finding on questions one and two. The adverse jury answers reflect his failure to carry his burden of proof. When we consider great weight points complaining of a jury's failure to find a fact, we should be mindful the party with the burden of proof did not convince the jury by a preponderance of the evidence. We may not reverse merely because we conclude the evidence preponderates toward an affirmative answer. The evidence warrants reversal only if the great weight of evidence supports an affirmative answer. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988).

The record reflects a hotly-contested trial. There is conflicting evidence on material fact issues. Reasonable minds can draw different conclusions from the evidence. The jury resolved the issues adversely to Connell. Although there may be some evidence supporting Connell's position, we may not substitute our judgment for that of the jury. We must leave the jury's decision undisturbed when the evidence conflicts. *Harco Nat'l Ins. Co. v. Villanueva,* 765 S.W.2d 809, 810 (Tex. App.—Dallas 1988, writ denied). The jury, as exclusive trier of the facts, had the sole responsibility to evaluate the witnesses, their credibility, and the weight of their testimony. *Horvath v. Baylor Univ. Medical Center,* 704 S.W.2d 866, 869 (Tex. App.—Dallas 1985, no writ). We overrule appellant's third point of error.

We affirm the trial court's judgment.