GRETCHEN NOVAK, Plaintiff-Appellant, v. JEFF VIRENE, Defendant-Appellee (Herman's World of Sporting Goods, d/b/a Herman's Ski Shop, *et al.*, Defendants).

First District (3rd Division)   No. 1—89—3025

Opinion filed December 27, 1991.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellant.

James T. Ferrini, William J. Oberts, Steven N. Novosad, and Edward M. Kay, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Gretchen Novak, appeals from the entry of summary judgment in favor of defendant, Jeff Virene (defendant). She argues that downhill skiing is not a contact sport and that therefore defendant could be liable in ordinary negligence for the injuries he allegedly caused when he collided into her on the ski slope.

Plaintiff's complaint named the following as additional defendants: Herman's World of Sporting Goods, d/b/a Herman's Ski Shop, an Illinois corporation; AMF Incorporated, a corporation; and Garmisch Company, a corporation. Count I in negligence alleged that plaintiff's boots and the ski bindings on plaintiff's boots were not adequately adjusted. Defendant allegedly was negligent in failing to: (1) control his momentum while skiing down a mountain at a Wisconsin ski resort; (2) keep a proper lookout for other skiers; (3) warn other skiers of an imminent collision; and (4) maintain control of himself and his equipment while on the mountain. It was further alleged that as a result of the negligent acts, plaintiff was violently thrown to the ground, the bindings did not release her boot from its ski, and she

suffered personal injuries. Darlene Virene was substituted as the party defendant in the place of defendant, a minor.

Count II, which alleged that the ski package, bindings, and boots were defective, was dismissed as to Herman's.

Plaintiff testified to the following in her deposition. Prior to the accident on January 16, 1984, she had been downhill skiing at least 60 times. She considered herself an experienced, advanced intermediate skier. Prior to the accident, there were only two people on the ski run, which was the easiest run. She glimpsed defendant behind her, but she did not see him just prior to impact. The parties did not know each other and were not racing. She crossed over to that run from other runs because she wanted to go directly to the lodge. She was not skiing straight down the slope but was "skate skiing," in which she shifted her weight to keep from accelerating straight down. At the time of impact with defendant, she was barely moving, and she was traveling perhaps 10 miles an hour. She felt a shove in her lower back. She fell forward, heard her bones snap, and rolled to the side. Defendant may have intended to use plaintiff to stop himself. Uncontrollable skiers did not have the ability to stop or otherwise avoid a collision and were a hazard to other skiers. She had seen skiers collide on several occasions, and there was always the possibility of such collisions. She had herself fallen while skiing and had seen other skiers fall while skiing.

Defendant filed a motion for summary judgment in which he argued that he and plaintiff were engaged in a sport that had inherent obvious and necessary dangers, including contact between skiers. Defendant argued that mere negligence of a participant in a contact sport was not sufficient to establish liability but that wilful and wanton misconduct was the only basis for liability.

The trial court referred to plaintiff's deposition testimony that contact and collisions were not unusual in the sport. The court held that recreational skiing was a contact sport. The court noted there was no wilful and wanton conduct by defendant. Summary judgment was entered in favor of defendant, and it was further ordered that there was no reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Plaintiff argues that recreational downhill skiing is not a contact sport, which she defines as a sport in which contact is intended and not just a risk. Defendant argues that the contact sports rule, which does not make a participant liable for ordinary negligence, applies to any sport activity where contact with other participants or objects is an anticipated, obvious, or incidental risk of participating in the sport.

Defendant refers to plaintiff's deposition testimony that there was always the possibility of contact between skiers.

The apparent source of the contact sport exception is *Nabozny v. Barnhill* (1975), 31 Ill. App. 3d 212, 334 N.E.2d 258, in which plaintiff was injured in an amateur soccer match. The court stated that the law should not place unreasonable burdens on the free and vigorous participation in sports but that "some of the restraints of civilization must accompany every athlete on to the playing field." (*Nabozny*, 31 Ill. App. 3d at 215.) A player could be liable for injury in a tort action if his conduct was either deliberate, wilful, or with a reckless disregard for the safety of the other player so as to cause injury to that player. (*Nabozny*, 31 Ill. App. 3d at 215.) It was a question of fact for the jury whether defendant, who ran in plaintiff's direction and kicked plaintiff's head, engaged in such wilful and wanton conduct. *Nabozny*, 31 Ill. App. 3d at 214-15.

It was held that liability for an injury sustained in a basketball game could not be predicated on ordinary negligence in *Oswald v. Township High School District No. 214* (1980), 84 Ill. App. 3d 723, 727, 406 N.E.2d 157. The court noted that because rule infractions, whether deliberate or unintentional, were virtually inevitable in contact games, the imposition of a wilful and wanton standard of conduct was justified where injury resulted from such contact. (*Oswald*, 84 Ill. App. 3d at 727.) The court distinguished golf cases as not controlling and stated that participants in bodily contact games such as basketball assumed greater risks than did golfers and others involved in nonphysical contact sports. *Oswald*, 84 Ill. App. 3d at 727.

In *Keller v. Mols* (1987), 156 Ill. App. 3d 235, 237, 509 N.E.2d 584, the court stated that *Oswald* (84 Ill. App. 3d 723, 406 N.E.2d 157) established that the relevant inquiry was whether the participants were involved in a contact sport. Plaintiff, who was hurt in a game of floor hockey, conceded that he participated in a contact sport, and therefore, he was precluded from recovering on a negligence claim as a matter of law. (*Keller*, 156 Ill. App. 3d at 237.) The court rejected the argument that *Oswald* was limited to cases where the participants in a sporting event were organized and coached. *Keller*, 156 Ill. App. 3d at 236.

In other States, there are downhill skiing cases that have gone to the jury on a negligence theory. (*LaVine v. Clear Creek Skiing Corp.* (10th Cir. 1977), 557 F.2d 730; see, *e.g., Ninio v. Hight* (10th Cir. 1967), 385 F.2d 350; *Goss v. Allen* (1976), 70 N.J. 442, 360 A.2d 388; *McDaniel v. Dowell* (1962), 210 Cal. App. 2d 26, 26 Cal. Rptr. 140.) These cases did not explicitly address the issue of a contact sport ex-

ception, but it can be inferred that the contact sport exception was inapplicable to downhill skiing in those jurisdictions.

■ *Oswald* and *Nabozny* applied an exception to ordinary negligence liability for team sports in which contact was virtually inevitable. As in the individual sports of running and bicycling, there is the possibility of collisions in downhill skiing. But by one's participation in the sport, one does not voluntarily submit to bodily contact with other skiers, and such contact is not inevitable. Therefore, the concern that the possibility of a negligence lawsuit would dampen vigorous participation is inapplicable to downhill skiing. There is no reason to expand the limited contact sports exception to exempt downhill skiers from negligence liability if they negligently collide with other skiers. Many activities in life are fraught with danger, and absent a specific assumption of risk, one may obtain damages when injured by another's negligence. Defendant's conduct should be governed by ordinary negligence standards.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GREIMAN and TULLY, JJ., concur.