Bangert v. Shaffner 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-245-CV





CHARLES BANGERT,



 APPELLANT


vs.





JEFFREY M. SHAFFNER, INDIVIDUALLY AND AS NEXT FRIEND 


OF BROOKE NOELLE SHAFFNER AND BRENNAN SIKES SHAFFNER, MINORS,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 475,913, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 





 Appellee Jeffrey M. Shaffner was injured in a parasailing accident. He sued
appellant Charles Bangert, claiming Bangert had negligently failed to instruct or supervise the
operation of a parasail Bangert owned and allowed Shaffner and others to use. The jury found
Bangert negligent and failed to find Shaffner negligent; the trial court subsequently rendered
judgment against Bangert. He appeals, bringing two points of error concerning the proper jury
submission. We will affirm the judgment.



FACTUAL BACKGROUND


 Bangert brought his parasail to a party for Southwest Airlines employees held at
Lake Travis. Shaffner also attended this outing. Bangert instructed some partygoers about the
operation of his parasail (1) and then left to return to Houston. Shaffner put on the harness, and
Dick East, another partygoer, drove the boat to which the tow rope was attached. Unfortunately,
the parasail had been attached upside down to Shaffner's harness in a manner which prevented it
from inflating. Shaffner was dragged along the ground and hit his head on rocks near the shore. 
He suffered injuries rendering him a quadriplegic.

 Shaffner sued Bangert after settling with East. Shaffner claimed Bangert acted
negligently when he (1) failed to inform Shaffner and the other partygoers about the necessity of
keeping the parasail right-side up; (2) failed to identify which side was supposed to be the "top";
and (3) left the parasail with others and abandoned personal supervision of its use. The jury found
East 60% negligent and Bangert 40% negligent, but it failed to find Shaffner negligent. The trial
court deducted the amount of Shaffner's settlement with East and rendered judgment against
Bangert.



DISCUSSION 


 In the trial court, Bangert disputed that parasailing is an inherently dangerous sport. 
In his two points of error on appeal, Bangert now contends that because it is a recreational activity
or an inherently dangerous sport, in order to recover damages Shaffner was required to show that
Bangert was not merely negligent but that he acted with reckless disregard for Shaffner's well-being, a more difficult burden of proof. Bangert did not object to the charge except to request
an additional instruction and inquiry concerning his recklessness. (2) He asserts the trial court erred
when it 1) failed to submit his requested jury question on recklessness and 2) overruled his motion
for judgment notwithstanding the verdict, arguing proof of mere negligence can never support
recovery for an injury received while engaging in a recreational activity or inherently dangerous
sport. (3)  Bangert complains that because the jury was instructed on an improper standard of
care--ordinary negligence--the verdict will not support the judgment.

 Traditionally, most courts have held as a matter of law that persons injured while
participating in contact sports could not recover damages, on the theory that the risk of injury was
inherent in the activity. One of the first cases to create an exception to this rule and allow an
injured participant to pursue recovery was Nabozny v. Barnhill, 334 N.E.2d 258 (Ill. App. 1975). 
The court there allowed a plaintiff injured by an illegal kick to the head in a soccer game to
pursue a cause of action. The court held that



when athletes are engaged in an athletic competition . . . a player is then charged
with a legal duty to every other player on the field to refrain from conduct
proscribed by a safety rule. A reckless disregard for the safety of others cannot
be excused. . . . [A] player is liable for injury in a tort action if his conduct is
such that it is either deliberate, willful or with a reckless disregard for the safety
of the other player so as to cause injury to that player.



Id. at 260-61 (emphasis added). Other jurisdictions have adopted this reasoning to permit
recovery in limited circumstances. See, e.g., Gauvin v. Clark, 537 N.E.2d 94 (Mass. 1989);
Dotzler v. Tuttle, 449 N.W.2d 774 (Neb. 1990).

 Bangert would have us hold that the rule controls the circumstances of Shaffner's
injury. He contends that one Texas court of appeals has held that a party who suffers an injury
while engaging in any recreational activity or inherently dangerous sport cannot recover by
proving that the injury was caused by another's negligence but instead must prove that the person
caused the injury by acting recklessly or intentionally. Connell v. Payne, 814 S.W.2d 486 (Tex.
App.--Dallas 1991, writ denied). He acknowledges that no other Texas court has adopted such a
rule. Relying on Connell, Bangert asserts that he owed Shaffner only this lesser duty of care and,
absent proof Bangert acted not just negligently but with reckless disregard for Shaffner's safety,
he cannot be held liable for the injuries he caused.

 The plaintiff in Connell sued for injuries inflicted by an opponent in a polo match. 
The court noted, "All parties agree polo is a dangerous game." Id. at 487. It then said,



No Texas court has decided the issue of the legal duty owed by one participant to
another participant in a competitive contact sport. . . . By participating in a
dangerous contact sport such as polo, a person assumes a risk of injury. . . . We
hold that for a plaintiff to prevail in a cause of action for injuries sustained while
participating in a competitive contact sport, the plaintiff must prove the defendant
acted "recklessly". . . .



Id. at 488-89 (emphasis added). Connell clearly addressed the legal duty participants owe one
another while engaging in a competitive contact sport; Bangert concedes parasailing is not a
contact sport. Despite Bangert's argument otherwise, we cannot read Connell as applying to non-contact activities. (4) 

 At least two jurisdictions have applied the "reckless disregard" standard to activities
that are not ordinarily considered contact sports. Ford v. Gouin, 11 Cal. Rptr. 2d 30, 34 (Cal.
1992) (water skiing); Ridge v. Kladnick, 713 P.2d 1131 (Wash. App. 1986) (ice skating). In both
instances, the courts were concerned with a party who was injured by a co-participant's conduct: 
in Ford, the motor boat driver, and in Ridge, a fellow skater. The facts of these cases are
distinguishable from the present one. Parasailing does not involve contact among any participants. 
Moreover, Bangert was not even present at the time of Shaffner's injury. Furthermore, both
courts used an assumption of risk analysis, which has been abolished in Texas. Farley v. M M
Cattle Co., 529 S.W.2d 751 (Tex. 1975).

 We find it instructive to examine a case interpreting the proper scope of Nabozny
and its reckless disregard standard. In Novak v. Virene, 586 N.E.2d 578 (Ill. App. 1991), a court
in the same jurisdiction as Nabozny held that it had created a "limited contact-sports exception"
to the usual standard of ordinary negligence and refused to apply the reckless disregard standard
to a skiing accident where one skier collided with another. Novak, 586 N.E.2d at 580. The court
reasoned that a skier "does not voluntarily submit to bodily contact with skiers, and such contact
is not inevitable. . . . Many activities in life are fraught with danger, and absent a specific
assumption of risk, one may obtain damages when injured by another's negligence." Id. Connell
likewise rested its holding upon the consent a polo competitor gives when he enters a match
anticipating the possibility of collision and injury.

 We hold that Bangert has failed to demonstrate that the trial court improperly
submitted the case to the jury, and we decline to adopt the reckless disregard standard for every
recreational activity or sport that might be considered dangerous. Although Shaffner may have
consented to the possibility of the usual dangers inherent in the activity he was attempting, the
record contains no evidence he was aware the parasail might be negligently attached to the rope. 
We hold, on these facts, that Bangert owed Shaffner a duty of ordinary care and the trial court
correctly submitted the issue of negligence to the jury. We overrule Bangert's points of error. (5)

 Shaffner raises two cross-points on appeal. He asks us to award him an additional
ten percent of his damages as a sanction against Bangert for bringing a frivolous appeal. We
decline to do so. Although we find no merit in his argument, we cannot hold that Bangert's
appeal was taken for delay and without sufficient cause. See Tex. R. App. P. 84. We overrule
this cross-point.

 Shaffner's second cross-point asserts the trial court erred in calculating the amount
of offset to be credited for Shaffner's settlement with East. As part of the settlement, East
assigned Shaffner his cause of action against his homeowner's insurance carrier, which Shaffner
pursued, resulting in a $352,356.16 judgment for Shaffner. Shaffner contends this recovery was
not part of his settlement with East and should not have been deducted from the damages awarded
him by the jury. He suggests no legal authority for his position, either in his brief or at oral
argument, and he acknowledges the "assignment from East [was] made as part of the settlement
agreement." We also overrule this cross-point.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

[Before Justices Kidd, Aboussie and B. A. Smith]

Affirmed

Filed: February 24, 1993

[Publish]

1.   In parasailing, one wears a harness which is attached both to the sail and to a tow rope. 
When parasailing over water, a motor boat is used to tow the participant. The chute portion
of the parasail resembles a round ice cream cone in its design. The top half is a solid piece
of fabric. The bottom half has slits in it to allow air to enter and lift the sail. If the parasail
is attached to the harness upside down, air will push down and collapse the chute, rather
than inflating it.
2.   The parties disagree whether Bangert's charge complaint was preserved. Shaffner
contends that he failed to request the additional instruction and question in substantially
correct form. Because we hold that Bangert has failed to demonstrate error in submission
of the cause to the jury, we need not address this issue.
3.   The term "inherently dangerous," often used interchangeably with "ultra-hazardous,"
more accurately describes an activity that requires a higher degree of care than ordinary care,
or even imposes strict liability for resulting damages. These activities include owning dangerous
animals and storing combustible gases. Marshall v. Ranne, 511 S.W.2d 255 (Tex. 1974);
Farmers Butane Gas Co. v. Walker, 489 S.W.2d 949 (Tex. Civ. App.--Waco 1973, no writ).


 Bangert's use of "inherently dangerous activity" confuses his argument on appeal with
another disputed issue below. Shaffner pleaded that parasailing required a high degree of care on
the part of Bangert because it was an inherently dangerous and ultrahazardous activity. The court
did not submit this standard to the jury, but instead used the ordinary care standard. Shaffner has
not complained about this action by cross-point on appeal.
4.   Bangert contends that Connell applies to non-contact activities because the court noted with
approval an Ohio court's holding that "a mere showing of negligence is not enough to allow
recovery in sport or recreational activity." Id. at 488, citing Marchetti v. Kalish, 559 N.E.2d 669
(Ohio 1990). However, the Ohio case involved a game of kick-the-can played by teenagers,
which though not a formal competitive contact sport, involves rambunctious conduct with a high
risk of contact with other participants.
5. [5]  Bangert himself appears to have believed at some point that the reckless disregard standard
should be directed to contact sports. His proffered jury instruction read as follows:


You are instructed that a person acts with "reckless disregard" when he knows that
an act is harmful and intends to commit the act but does not intend by the act to
harm his opponent.


Obviously, Shaffner had no "opponent" while parasailing.