Charles BANGERT, Appellant,

v.

Jeffrey M. SHAFFNER, Individually and as next friend of Brooke Noelle Shaffner and Brennan Sikes Shaffner, Minors, Appellees.

No. 3–92–245–CV.

Court of Appeals of Texas,
Austin.

Feb. 24, 1993.

Rehearing Overruled March 31, 1993.

Barry A. Chasnoff, Akin, Gump, Hauer & Feld, San Antonio, for appellant.

Paul E. Knisely, Spivey, Grigg, Kelly & Knisely, Austin, for appellees.

Before KIDD, ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellee Jeffrey M. Shaffner was injured in a parasailing accident. He sued appellant Charles Bangert, claiming Bangert had negligently failed to instruct or supervise the operation of a parasail Bangert owned and allowed Shaffner and others to use. The jury found Bangert negligent and failed to find Shaffner negligent; the trial court subsequently rendered judgment against Bangert. He appeals, bringing two points of error concerning the proper jury submission. We will affirm the judgment.

## FACTUAL BACKGROUND

Bangert brought his parasail to a party for Southwest Airlines employees held at Lake Travis. Shaffner also attended this outing. Bangert instructed some partygoers about the operation of his parasail[1] and then left to return to Houston. Shaffner put on the harness, and Dick East, another partygoer, drove the boat to which the tow rope was attached. Unfortunately, the parasail had been attached upside down to Shaffner's harness in a manner which prevented it from inflating. Shaffner was

dragged along the ground and hit his head on rocks near the shore. He suffered injuries rendering him a quadriplegic.

Shaffner sued Bangert after settling with East. Shaffner claimed Bangert acted negligently when he (1) failed to inform Shaffner and the other partygoers about the necessity of keeping the parasail rightside up; (2) failed to identify which side was supposed to be the "top"; and (3) left the parasail with others and abandoned personal supervision of its use. The jury found East 60% negligent and Bangert 40% negligent, but it failed to find Shaffner negligent. The trial court deducted the amount of Shaffner's settlement with East and rendered judgment against Bangert.

## DISCUSSION

In the trial court, Bangert disputed that parasailing is an inherently dangerous sport. In his two points of error on appeal, Bangert now contends that because it is a recreational activity or an inherently dangerous sport, in order to recover damages Shaffner was required to show that Bangert was not merely negligent but that he acted with reckless disregard for Shaffner's well-being, a more difficult burden of proof. Bangert did not object to the charge except to request an additional instruction and inquiry concerning his recklessness.[2] He asserts the trial court erred when it 1) failed to submit his requested jury question on recklessness and 2) overruled his motion for judgment notwithstanding the verdict, arguing proof of mere negligence can never support recovery for an injury received while engaging in a recreational activity or inherently dangerous sport.[3] Bangert complains that because

---

1. In parasailing, one wears a harness which is attached both to the sail and to a tow rope. When parasailing over water, a motor boat is used to tow the participant. The chute portion of the parasail resembles a round ice cream cone in its design. The top half is a solid piece of fabric. The bottom half has slits in it to allow air to enter and lift the sail. If the parasail is attached to the harness upside down, air will push down and collapse the chute, rather than inflating it.

2. The parties disagree whether Bangert's charge complaint was preserved. Shaffner contends

that he failed to request the additional instruction and question in substantially correct form. Because we hold that Bangert has failed to demonstrate error in submission of the cause to the jury, we need not address this issue.

3. The term "inherently dangerous," often used interchangeably with "ultra-hazardous," more accurately describes an activity that requires a *higher* degree of care than ordinary care, or even imposes strict liability for resulting damages. These activities include owning dangerous animals and storing combustible gases.

the jury was instructed on an improper standard of care—ordinary negligence—the verdict will not support the judgment.

Traditionally, most courts have held as a matter of law that persons injured while participating in contact sports could not recover damages, on the theory that the risk of injury was inherent in the activity. One of the first cases to create an exception to this rule and allow an injured participant to pursue recovery was *Nabozny v. Barnhill*, 31 Ill.App.3d 212, 334 N.E.2d 258 (Ill.App.1975). The court there allowed a plaintiff injured by an illegal kick to the head in a soccer game to pursue a cause of action. The court held that

> when *athletes* are engaged in an *athletic competition* . . . a player is then charged with a legal duty to every other player on the field to refrain from conduct proscribed by a safety rule. A reckless disregard for the safety of others cannot be excused. . . . [A] *player* is liable for injury in a tort action if his conduct is such that it is either deliberate, willful or with a reckless disregard for the safety of the other *player* so as to cause injury to that *player*.

*Id.* 334 N.E.2d at 260–61 (emphasis added). Other jurisdictions have adopted this reasoning to permit recovery in limited circumstances. *See, e.g., Gauvin v. Clark*, 404 Mass. 450, 537 N.E.2d 94 (Mass.1989); *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (Neb.1990).

Bangert would have us hold that the rule controls the circumstances of Shaffner's injury. He contends that one Texas court of appeals has held that a party who suffers an injury while engaging in *any* recreational activity or inherently dangerous

sport cannot recover by proving that the injury was caused by another's negligence but instead must prove that the person caused the injury by acting recklessly or intentionally. *Connell v. Payne*, 814 S.W.2d 486 (Tex.App.—Dallas 1991, writ denied). He acknowledges that no other Texas court has adopted such a rule. Relying on *Connell*, Bangert asserts that he owed Shaffner only this lesser duty of care and, absent proof Bangert acted not just negligently but with reckless disregard for Shaffner's safety, he cannot be held liable for the injuries he caused.

The plaintiff in *Connell* sued for injuries inflicted by an opponent in a polo match. The court noted, "All parties agree polo is a dangerous *game.*" *Id.* at 487. It then said,

> No Texas court has decided the issue of the legal duty owed by one participant to another participant in a *competitive contact sport.* . . . By participating in a dangerous *contact sport* such as polo, a person assumes a risk of injury. . . . We hold that for a plaintiff to prevail in a cause of action for injuries sustained while participating in a *competitive contact sport*, the plaintiff must prove the defendant acted "recklessly". . . .

*Id.* at 488–89 (emphasis added). *Connell* clearly addressed the legal duty participants owe one another while engaging in a competitive contact sport; Bangert concedes parasailing is not a contact sport. Despite Bangert's argument otherwise, we cannot read *Connell* as applying to non-contact activities.[4]

At least two jurisdictions have applied the "reckless disregard" standard to activities that are not ordinarily considered con-

---

*Marshall v. Ranne*, 511 S.W.2d 255 (Tex.1974); *Farmers Butane Gas Co. v. Walker*, 489 S.W.2d 949 (Tex.Civ.App.—Waco 1973, no writ).

Bangert's use of "inherently dangerous activity" confuses his argument on appeal with another disputed issue below. Shaffner pleaded that parasailing required a high degree of care on the part of Bangert because it was an inherently dangerous and ultrahazardous activity. The court did not submit this standard to the jury, but instead used the ordinary care standard. Shaffner has not complained about this action by cross-point on appeal.

4. Bangert contends that *Connell* applies to non-contact activities because the court noted with approval an Ohio court's holding that "a mere showing of negligence is not enough to allow recovery in sport or recreational activity." *Id.* at 488, citing *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699 (Ohio 1990). However, the Ohio case involved a game of kick-the-can played by teenagers, which though not a formal competitive contact sport, involves rambunctious conduct with a high risk of contact with other participants.

tact sports. *Ford v. Gouin*, 3 Cal. 4th 339, 834 P.2d 724, 11 Cal.Rptr.2d 30, 34 (Cal. 1992) (water skiing); *Ridge v. Kladnick*, 713 P.2d 1131 (Wash.App.1986) (ice skating). In both instances, the courts were concerned with a party who was injured by a co-participant's conduct: in *Ford*, the motor boat driver, and in *Ridge*, a fellow skater. The facts of these cases are distinguishable from the present one. Parasailing does not involve contact among any participants. Moreover, Bangert was not even present at the time of Shaffner's injury. Furthermore, both courts used an assumption of risk analysis, which has been abolished in Texas. *Farley v. MM Cattle Co.*, 529 S.W.2d 751 (Tex.1975).

We find it instructive to examine a case interpreting the proper scope of *Nabozny* and its reckless disregard standard. In *Novak v. Virene*, 224 Ill.App.3d 317, 166 Ill.Dec. 620, 586 N.E.2d 578 (Ill.App.1991), a court in the same jurisdiction as *Nabozny* held that it had created a "limited contact-sports exception" to the usual standard of ordinary negligence and refused to apply the reckless disregard standard to a skiing accident where one skier collided with another. *Novak*, 166 Ill.Dec. at 628, 586 N.E.2d at 580. The court reasoned that a skier "does not voluntarily submit to bodily contact with skiers, and such contact is not inevitable.... Many activities in life are fraught with danger, and absent a specific assumption of risk, one may obtain damages when injured by another's negligence." *Id.* *Connell* likewise rested its holding upon the consent a polo competitor gives when he enters a match anticipating the possibility of collision and injury.

■ We hold that Bangert has failed to demonstrate that the trial court improperly submitted the case to the jury, and we decline to adopt the reckless disregard standard for *every* recreational activity or sport that might be considered dangerous. Although Shaffner may have consented to the possibility of the usual dangers inherent in the activity he was attempting, the record contains no evidence he was aware the parasail might be negligently attached to the rope. We hold, on these facts, that Bangert owed Shaffner a duty of ordinary care and the trial court correctly submitted the issue of negligence to the jury. We overrule Bangert's points of error.[5]

■ Shaffner raises two cross-points on appeal. He asks us to award him an additional ten percent of his damages as a sanction against Bangert for bringing a frivolous appeal. We decline to do so. Although we find no merit in his argument, we cannot hold that Bangert's appeal was taken for delay and without sufficient cause. *See* Tex.R.App.P. 84. We overrule this cross-point.

■ Shaffner's second cross-point asserts the trial court erred in calculating the amount of offset to be credited for Shaffner's settlement with East. As part of the settlement, East assigned Shaffner his cause of action against his homeowner's insurance carrier, which Shaffner pursued, resulting in a $352,356.16 judgment for Shaffner. Shaffner contends this recovery was not part of his settlement with East and should not have been deducted from the damages awarded him by the jury. He suggests no legal authority for his position, either in his brief or at oral argument, and he acknowledges the "assignment from East [was] made as part of the settlement agreement." We also overrule this cross-point.

We affirm the judgment of the trial court.

---

5. Bangert himself appears to have believed at some point that the reckless disregard standard should be directed to contact sports. His proffered jury instruction read as follows:

    You are instructed that a person acts with "reckless disregard" when he knows that an act is harmful and intends to commit the act but does not intend by the act to harm *his opponent.*

Obviously, Shaffner had no "opponent" while parasailing.