Allen v. Donath 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-237-CV

     EASTON ALLEN,
                                                                                              Appellant
     v.

     MONROE DONATH,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 91-2096-3
                                                                                                    

O P I N I O N
                                                                                                    

      Easton Allen was injured when he was hit in the head by a golf ball—a "mulligan" shot by
Monroe Donath. At trial, the parties disputed whether Donath announced his intention to hit a
second tee shot. However, the jury failed to find that the reckless conduct of either party caused
the occurrence in question. On appeal Allen contends that the trial court erred in applying the
"reckless conduct" standard of care rather than the "ordinary negligence" standard of care in a
non-contact sports case. Because we find Allen's complaint without merit, we will affirm the
judgment.
      On October 5, 1990, Easton Allen and C. D. Hatchett were playing golf at the Western Oaks
Country Club in Waco. After Allen and Hatchett teed off on the first hole, Monroe Donath asked
to join the twosome. The threesome completed the first hole, played the second hole, and moved
to the third tee box. Donath was to shoot first from the blue pro marker. Allen and Hatchett sat
in the golf cart and waited their turn near the white regulation marker, approximately fifteen to
twenty feet forward of Donath. Although a row of shrubbery separated a portion of the tee box
from the golf cart path, they had a clear view of Donath from the regulation marker area. Donath,
a left-handed golfer, prepared to tee off with his back toward the others. After watching Donath
hit his tee shot, Allen and Hatchett stopped watching Donath and moved to the rear of the cart. 
Allen then heard a club hit a ball, turned toward Donath, and was struck in the left temple. Allen
claims that the second tee shot was hit without warning. Donath testified that he asked for and
received permission to hit the second shot. Allen claimed serious injuries, including a fractured
skull, a concussion, temporary loss of speech, loss of memory, loss of hearing, loss of general
motor functions, and damage to his jaw.
      We assume that Allen's single point of error is intended to complain that the trial court erred
in overruling his objection to the charge. Before the charge was read to the jury, Allen objected
to the submission of the case to the jury on the basis of a reckless disregard standard of care rather
than an ordinary negligence standard of care. The trial court overruled Allen's objection and
submitted a charge asking the jury whether the reckless conduct of either party caused the
occurrence in question.



      According to Allen, the appropriate standard of care for sports law cases should be dependent
upon whether the sport in question is a contact sport or a non-contact sport. On this issue, we find
the reasoning of the Amarillo Court of Appeals persuasive:
In the recent case of Connell v. Payne, 814 S.W.2d 486 (Tex.App.—Dallas 1991,
writ denied), our sister court of appeals in Dallas was faced with determining the legal
duty owed by one participant to another participant in a polo match. The court rejected
the plaintiff's suggestion that the standard was one of ordinary negligence. Instead, the
court held that "for a plaintiff to prevail in a cause of action for injuries sustained while
participating in a competitive contact sport, the plaintiff must prove the defendant acted
‘recklessly’ or ‘intentionally’ as the Restatement of Torts defines those terms." Id. at 489
(emphasis added). While the genteel game of golf can hardly be described as a
"competitive contact sport," we believe the reckless and intentional standard is every bit
as appropriate to conduct on the links as it is to conduct on the polo field. In support of
this proposition we cite the well-reasoned case of Thompson v. McNeill, 559 N.E.2d 705
(Ohio 1990).




The court in Hathaway held that "for a plaintiff to prevail in a cause of action against a fellow
golfer, the defendant must have acted recklessly or intentionally."


 We agree.
      Allen attempts to distinguish Hathaway on the basis that the injury in that case was caused by
a shanked ball—a foreseeable risk of golf that all golf players must accept, while the complaint in
this case was that Donath took a second shot without warning—an action that was not foreseeable. 
This complaint was properly addressed by the charge given. The court's charge to the jury
provided the following definition of "reckless conduct":
"Reckless conduct" means that a person's conduct is in reckless disregard of the safety
of himself or another if he does an act or intentionally fails to do an act which it is his
duty to do, knowing or having reason to know of facts which would lead a reasonable
person to realize, not only that his conduct creates an "unreasonable risk" of physical
harm to himself or another, but also that such risk is substantially greater than that which
is necessary to make his conduct negligent.

(Emphasis added).
      The parties do not dispute whether Donath had a duty to warn. Donath testified that, in
accordance with the custom of an informal game of golf, he requested permission to hit a second
ball, and they said, "Go ahead." Allen testified that, after the first tee shot, Donath did not
indicate that he intended to hit a second tee shot, or mulligan. As Allen points out in his brief,
however, a factual review of the evidence is not important to a legal determination of the proper
standard of care. Instead, he contends only that the breach of a golfer's duty to request permission
or otherwise announce his intention to hit a second tee shot should be measured by an ordinary
negligence standard of care. We find that the charge to the jury adequately submitted the question
of whether Donath breached that duty by its definition of reckless conduct. Because the trial court
properly applied the reckless conduct standard of care to this case, we overrule Allen's sole point
of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
(Justice Vance concurring)
Affirmed
Opinion delivered and filed April 13, 1994
Publish